Our final case for today is United States v. Dillon May it please the Court, Counsel. My name is Daniel Hillis. I'm with the Federal Public Defender's Office. I represent Mr. Dillon on this appeal. The facts in the case are tragic. With the Court's permission, I won't go over those, and I'll concentrate instead on the two legal issues that are significant in this case. First is that Mr. Dillon was convicted under Isn't that the very problem? You say the two legal issues that are significant. But Judge Simon said it just didn't make any difference to him how he resolved these legal issues. He was going to impose the same sentence no matter what. And we have encouraged district judges to say that, and here the judge said that. So the first thing you need to persuade us is that these legal issues are indeed significant when the district judge has said they were not. Sure. So the district judge cannot, has no authority to impose a mandatory minimum sentence when there is no mandatory minimum. The judge operated under the assumption that he was subject No, no, no. Look, look. 924J says any term of years or life. Yes. A sentence of 510 months is in the range any term of years or life. So there's no question about the district judge's authority. There is a problem nevertheless, Judge, because the PSR says that my client is subject to a 10-year mandatory minimum. The judge adopted the PSR. That PSR is going to follow my client through the Bureau of Prisons, affect his security classification, as well as any program. So there's prejudice. Then if your complaint is about the pre-sentence report, we're in a different world from where your complaint is about the sentence. Your brief on appeal complains about the sentence, not the contents of the pre-sentence report. We discussed both, Your Honor. The point in response to the government's assertion that there is no prejudice because the judge said that he would likely impose the same sentence, we responded I didn't say likely. I mean, and he says, even if I'm incorrect in the way I have calculated the sentencing guidelines, I take that to mean everything from, you know, the 10 years it started out and how much does he add on for other things. He says, I think this sentence is precisely the sentence that I would have arrived at in any event. Sure. So he's deluded? No, it's just that he equivocates by saying, I think, as opposed to, I definitely would. That's the most I can make of that. Well, that's what Your Honor just said. Oh, because I think it is a just sentence. He says, the sentence that I'm about to announce is precisely the sentence that I would have arrived at in any event. And then he goes on to explain that very definite statement. Very true, Your Honor. However, the problem is when you divorce that from the path the judge took to get there, you are taking away the problem that informs the sentence the judge arrived at. So the judge ultimately thought that he was giving a below-guideline sentence of 510 months. The guideline range, in fact, was 324 to 465 months. So, you know, what I take from your position, really, is that we, this Court, have taken a wrong turn in encouraging the district judges to make us aware that once they've settled on a sentence using their full discretion post-Booker, that we can't pay attention to them. Because I think your view is that the anchoring effect of the guidelines calculation is so strong that even with the best of will, you can't overcome it. Who wakes up in the morning and thinks, I'm going to give a sentence of this many months? Once upon a time, we operated under the assumption it would be periods of years. Oh, we're all used to months now.  Fair enough. But it goes to the point that the guidelines certainly inform, in a critical fashion, the sentence that judges ultimately... So are we wrong? I mean, it's hard for me to imagine a firmer statement than the one Judge Simon gave us. But if we've been wrong at that whole exercise, then I suppose there's something to talk about. I think it is giving the judges too much leash. And yes, to insulate it from appeal, I think judges now do this. And we've got a huge problem now because the guideline range is wildly off by 240 months through operation of the grouping rules, which we get into in our second point. But yes, we have now insulated anybody from a significant problem in this case. Which, by the way, is going to have repercussions because there will be charging decisions in other cases. And so there will be decisions about what to plead to and so forth. All of this needs to be addressed. If you're to ultimately say that the harm that we're alleging is too small because we don't care about your security classification and everything else, I don't think that would be appropriate. But there is a definite part about the anchoring effect in the guidelines. But the Supreme Court nonetheless has really said that district judges have this discretion within, obviously, statutory limits. But as you agreed with Judge Easterbrook, there's no statutory problem here. At least one member of this panel was a district court judge in the days before the sentencing guidelines. Sure. And sentenced people without any particular anchoring effects. That's right. But nevertheless, the steps the judge took included a determination that there was a mandatory 10-year consecutive sentence. And that was what informed the decision. So it's tainted. The process is not an accurate process. There's a flaw in it. But I think that we've demonstrated harm nevertheless. And by way of the grouping rules, it very definitely hinges on the success of our first argument. And I do want to emphasize on the first argument, the district court's interpretation is wrong. You cannot read out from the statute necessary language. Any term of years, which I heard Judge Easterbrook say, is the language from the statute. The district court gives that no effect. We're to look at the plain language. Instead, the district court goes past the plain language, looks into the design of the statute, says that this would be a ridiculous result. There's not a 10-year mandatory minimum. He imports other canons of statutory interpretation instead of resting upon the first, which is give effect to the plain language. Well, you're stuck with one problem or another, I think. You say any term of years can't be understood to mean any legal term of years. The problem on the other side is that 924J incorporates specifically by reference 924C. And the issue there is does this incorporate all of 924C, including the consecutive nature, or does it just incorporate parts of it? And unfortunately, it doesn't tell us. So we have to push either that or we have to understand term of years in the context of the statute as a whole. So with giving effect to all of the plain language in the statute, you have to give effect to the phrase. I'm not requiring you to call it plain language. You can just call it language if you want to. Nevertheless, it's reading out words that are in the statute, however they are. So what do we do with the incorporation by reference in 924J, where it says in the course of a violation of subsection C? Regard those as elements, and then 924J1. But part of the violation of C is that it's the kind of thing that has a consecutive sentence. Not when you step up with the additional element of the murder. Then the final element disposes of the issue. Suddenly it's a lesser offense because you've murdered someone? I think not. It is a more serious one, and so there's a penalty that includes the death penalty or any period for natural life. But it takes this into- So the government made a mistake by dismissing the 924C count. This problem goes away if the government, instead of dismissing the one count, dismissed the other. Or alternatively, the government made a mistake by bringing a 924C charge at all. Did the defense move to dismiss that as duplicitous? No. But nevertheless- Well, on- Yeah. All right, well, we'll see. We'll see, yeah. I reserve the balance of my time. That would be fine. Thank you. Mr. Whalen. May it please the Court. Good morning, Your Honors. Nathaniel Whalen here on behalf of the United States. To prove a 924J violation, the government has to prove 924C plus a murder. When a district court sentences for a 924J- Why are you arguing about this? I mean, given Judge Simon's statement that it just didn't matter, it sounds like both sides are asking for an advisory opinion. We haven't been asked to overrule our circuit cases saying that district judges have this don't matter to me power. No, and, Your Honor, I don't think this court could overrule those in light of the Supreme Court's language in Molina-Martinez, where it says, yes, there's an anchoring effect of the guidelines, but there might not be prejudice in that case. The reason we're asking, we're addressing the merits, Your Honor, is we do think that it's an issue worth addressing. I know. Litigants often want advisory opinions. They want us to say things, the law requires this or doesn't require this, even when it doesn't matter. I wonder whether we should cooperate. Your Honor, I understand Your Honor's point, but the only reason- The only way you get to Judge Simon's statement is by either assuming there's an error or concluding there's an error. It's our position that there isn't. Because when you sentence under 924J, you're necessarily sentencing for a 924C violation plus a murder. So when 924C says any sentence imposed under 924C must be consecutive, 924J falls right within that. But it doesn't, really. I mean, 924C says, in addition, no term of imprisonment imposed under this subsection. And unless you want to say that 924J isn't a different subsection, which seems a little strange, since it's a J and not a C, I don't know why you read this subsection to mean this subsection and any other subsection that mentions this subsection. Well, Your Honor, we think the third- It's even worse than that. 924J says the penalty can be any term of years. It doesn't say any term of years greater than 10. It says any term of years. That may be stupid, but it wouldn't be the first time Congress had inconsistent and incompatible statutes. And if I can address those points in turn, I think the Third Circuit in Berrios got it right that a sentence imposed under this subsection doesn't mean only this subsection. 924J is a greater offense of the 924C. You have to find a violation of 924C to convict on 924J. So you are necessarily imposing a sentence under 924C. So why didn't 924J say the sentence shall be a sentence at least high enough to satisfy 924C and the maximum is going on? It could have said that, Your Honor. For life or death. It could have said that. But it didn't say that. Correct. And we actually have to enforce the statute that was inaccurate. I understand, Your Honor, but as the Third Circuit, Fourth Circuit, Second Circuit, Eighth Circuit, Tenth Circuit have all said, you don't need to restate the mandatory consecutive nature in 924C. The cross-reference that Chief Judge Wood referenced earlier is necessarily tethering it to 924C. And so it's telling the courts, if you're going to sentence under 924J, you have to look at 924C. In terms of your question, Judge Easterbrook, about why it says any terms of years, it is differentiating the murder sentence under 924J from the murder sentence under 1111. If you look at the 924J sentencing structure, it says for manslaughter, look at the sentences under manslaughter. It's directing the court to go right there. But when it talks about murder, it's differentiating them. It says, well, under 1111, you have life or death. But when you're talking about a 924J murder, you have any term of years, life, or death. That's why the any term of years is in there. And it is our position that in light of the express incorporation of 924C, it does mean any term of years above the mandatory minimum. Your Honor, I think as all the other courts of appeals save the 11th Circuit have found, any interpretation along the line that Mr. Dillon is proposing does produce an absurd result, as I think Chief Judge Wood suggested, where – you could achieve the any term of years outcome if you were so inclined under the 924 – I mean, he at least violated 924C, right? He absolutely did, Your Honor. So you also have the duplicitousness question. Well, we did charge them as two separate counts. I understand Your Honor's points. The reason that we had him plead to the 924J is because there is some value in this system to have – to having a defendant convicted of the murder. Could he have been convicted of both counts? We know under the bank robbery statute that you can't be convicted of, say, both robbing the bank and possessing the proceeds. Is it possible to convict of 924C and 924J in the same case? We believe you could be convicted under both. You could not be sentenced under both, though, because then you run into double jeopardy concerns because Congress has not clearly stated that it wants these sentences to be consecutive on one another. I think that's partially where we disagree with – well, we disagree a lot with what Julian said in the Eleventh Circuit, but that's one of our main contentions, that there is a double jeopardy concern with sentencing under both. No, no, no. The Supreme Court has held there's never a double jeopardy problem unless there's more than one trial. It's just a question of statute. Is it proper under the statute? That's the only thing we need to figure out. Well, Your Honor, in Missouri v. Hunter, the Supreme Court said that you cannot sentence – Missouri v. Hunter is a case from state court. The Supreme Court has said there's no need for us to discuss this. This is too clear to worry about. Well, I do agree with Your Honors that this is a clear harmless error question. If this court chooses not to address the merits or if this court does find that there's an error, there's no reason to remand for resentencing. Under Mr. Dillon's theory that any problem in the PSR is worthy of remanding for resentencing, there's going to be no such thing as harmless error anymore because there could be something – you're necessarily assuming an error if you're getting to the harmless error analysis. So there is going to be an error, and there could be some hypothetical situation down the road where that error could come into play. But this court's gotten it right. I believe it's Judge Easterbrook who referenced this is what this court has been telling the district courts to do. In terms of – let me just briefly address Mr. Dillon's argument that this is a way to insulate from appeal. That's only true if you don't believe the district court. And the district courts are not, in my experience, going to say, this is the same sentence I would give regardless if they don't believe it. There's nothing in this record to question Judge Simon's statements in this regard. I think he made pretty clear that he considers the heinousness of this crime worthy of this particular sentence. And he does say regardless of whether it's consecutive, 924J, regardless of how he calculates the guidelines, he gives this court every indication a judge could that this is the right sentence based on the 3553A factors. Unless this court has any further questions, we would ask that you affirm. Thank you, Your Honor. No, thank you. Mr. Hillis, did you have a little bit? Yeah, you've got a couple minutes still. Other circuits were correctly synopsized by Mr. Whalen. The problem is they all got it wrong. They don't give effect to the statutory language that is in 924J. So instead of getting in with the larger group of circuits that have decided incorrectly, this court should instead give effect to the language of the statute as written, strike new ground, whatever it needs to do. And then the government can appropriately charge people and things of that sort. How could Berrios have gotten it right when, to Your Honor's point, Judge Wood, the Berrios case talks about under this subsection, which is 924C. A C is different than a J. They're different in the alphabet. They're different subsections. It's not going to work. Berrios gets this wrong, as do the cases that it cites. What is your answer to the question whether it is permissible to sentence for both 924C and 924J in a single case? We have a ready answer for you, Your Honor, only because it wasn't something that was litigated here. So I wouldn't want to speak off the cuff on a significant issue. The Supreme Court's rationale in the bank robbery cases was that these are all necessarily coterminous, and they must merge on conviction. Right. But if it turns out that you're right, that 924C is a mandatory minimum and 924J does not, maybe that means they don't merge on conviction. It's not clear how that would help defendants in the long run for the Seventh Circuit to say that. It probably wouldn't. But nevertheless, in this case, there's one count that's dismissed. He's only subject to the one count of conviction. It's not at issue here. As for believing or disbelieving the judge, we want you to believe the judge. We want you to believe that he was informed by the guideline calculations, like the Supreme Court says he must be, and then evidently from that got it wrong, and therefore his conclusion is incorrect, much as he believes it. His conclusion is wrong because it's tainted by an incorrect guideline calculation that all stems back to concerning himself with the consecutive 10-year sentence that worked the hardship on the grouping rules that has ultimately disadvantaged Mr. Dillon. That's what we'd like you to conclude because that's consistent with the transcripts. Okay. Thank you very much. Thanks to the government as well. We will take the case under advisement and the court will be in recess.